UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR BLASKO,<br><br>    Petitioner,<br><br>    v.<br><br>LASHA BOYDEN, Acting United States Marshal for the Eastern District of California,<br><br>    Respondent. | No. 1:18-cv-01649-DAD-SAB (HC)<br><br>ORDER GRANTING IN PART RESPONDENT'S MOTION TO CLARIFY THE COURT'S AUGUST 31, 2022 ORDER STAYING EXTRADITION PENDING APPEAL<br><br>(Doc. No. 33) |

This matter is before the court on respondent's motion to clarify the court's August 31, 2022 order staying petitioner Vladimir Blasko's extradition "pending appeal" (Doc. No. 28), or in the alternative, respondent's motion to lift the stay due to a change in circumstances. (Doc. No. 33.) On April 8, 2024, petitioner filed an opposition to the pending motion. (Doc. No. 37.) On April 10, 2024, respondent filed a reply thereto. (Doc. No. 38.)

Having reviewed the parties' briefing, the court finds it appropriate to grant the pending request for clarification of its August 31, 2022, in which the court granted "petitioner's motion for a stay of extradition pending his appeal of this court's May 16, 2022 order denying his petition for a writ of habeas corpus," and ordered that petitioner "shall remain released on bail pending appeal of the extradition order in this case . . ." (Doc. No. 28 at 13.) Consistent with respondent's interpretation of the August 31, 2022 order, the court's intention in issuing that

1

order was for petitioner's extradition to be stayed pending his appeal to the United States Court of Appeal for the Ninth Circuit—not pending any further review he may seek from the United States Supreme Court.[1]  Indeed, at that time, the court had not contemplated that petitioner would file a petition for a writ of certiorari from the Supreme Court.  The court recognizes, however, that the language employed in its August 31, 2022 order was not sufficiently specific in this regard.  Regrettably, the lack of clarity in that order left room for differing interpretations, including the interpretation advanced now by petitioner in his opposition to the pending request—i.e., that the stay entered by this court "pending appeal" "naturally encompasses" the further appeal to the Supreme Court.  (Doc. No. 37 at 1.)  Arguably, petitioner relied on his interpretation that the stay remained in effect and for that reason, did not seek a stay of his extradition from the Ninth Circuit pending his appeal to the Supreme Court.

Although the court had not intended for the stay to have remained in place to date, the court nevertheless finds it appropriate to now issue a limited stay of petitioner's extradition, for a period of fourteen (14) days from the date of entry of this order, to provide petitioner with time to file a motion in the Ninth Circuit to seek a stay of his extradition pending his appeal to the Supreme Court.  Absent an order from the Ninth Circuit staying petitioner's extradition pending resolution of his appeal to the Supreme Court, petitioner shall surrender into the custody of the U.S. Marshal by noon on April 30, 2024 at the federal courthouse in Fresno, California.

Accordingly:

1. Respondent's motion for clarification (Doc. No. 33) is granted, in part;

/////

---

[1] Moreover, the undersigned agrees with respondent's argument that circumstances have changed since the stay was issued in this action and petitioner was ordered to remain free on bail pending appeal.  When issuing that order the undersigned concluded that petitioner Blasko had demonstrated that his appeal raised serious legal questions, or that he had a reasonable probability or fair prospect of success on appeal.  (Doc. No. 28 at 6-7.)  That conclusion was based in part on the undersigned's view that petitioner's anticipate appeal raised "issues that the Ninth Circuit has not explicitly considered" and upon which there were non-frivolous grounds for disagreement and thus that serious legal questions were to be presented on appeal.  (*Id.* at 9-10.)  That can no longer be said to be the case.  The unanimous panel decision rejected all of petitioner's arguments on appeal and the Ninth Circuit has now spoken on those issues.  (*See* Doc. No. 29.)

2. Petitioner's extradition is hereby stayed for a period of fourteen (14) days from the date of entry of this order;

3. Absent an order from the Ninth Circuit staying petitioner's extradition pending resolution of his appeal to the Supreme Court, petitioner's bail pending appeal is revoked and he shall surrender into the custody of the U.S. Marshal by noon on April 26, 2024 at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street in Fresno, California; and

4. In light of this order, the hearing on the motion to revoke petitioner's release on bail filed by respondent on January 30, 2024 in 1:17-mc-00067-DAD-SAB (Doc. No. 86) currently scheduled for April 18, 2024 is vacated.

IT IS SO ORDERED.

Dated:   **April 11, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE